**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONALD J. HOLLEMAN, #297567,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1825-P |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: On October 31, 2007, Petitioner filed a pleading styled as a motion for relief of judgment pursuant to Fed. R. Civ. P. 60(b). He sought relief from the October 4, 2006 order of the Texas Court of Criminal Appeals in No. WR-09,638-12, dismissing his last art. 11.07 writ as an abuse of the writ, and barring him from filing any further writ of habeas corpus with respect to his 1979 conviction for burglary of a habitation in No. 79-5238, unless he can show that the claims have not been raised previously, and that they could not have

been presented in a previous application. The Court Clerk opened the Rule 60(b) motion as a new habeas corpus action, and randomly assigned it the above cause number. Thereafter, the Court notified Petitioner that his Rule 60(b) motion had been construed as a new habeas corpus action, and ordered him to submit a petition on the court approved form, and a motion to proceed *in forma pauperis.* While Petitioner filed an IFP motion, he objected to the recharacterization of his Rule 60(b) motion as a new habeas corpus action. (*See* Pet's Objection filed November 15, 2007, at 1-2). He reiterated that he was not filing a new habeas corpus petition, rather he sought to challenge the state court's order dismissing his state habeas writ. (*Id.*).

Findings and Conclusions: Before addressing Petitioner's objection, the Court must first examine the threshold question of whether it has subject matter jurisdiction in this case. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

By virtue of the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to entertain collateral attacks on state judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983); *see also Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000); *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986); *Howell v. State Bar of Texas*, 710 F.2d 1075, 1077 (5th Cir. 1983). The United States Supreme Court is the only federal court permitted to review state court decisions. *See* 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of *certiorari* ... where the validity of a statute of any State is drawn in question on the ground of it

being repugnant to the Constitution, treaties or laws of the United States[.]"). *Rooker-Feldman* is a jurisdictional doctrine, which this court can raise *sua sponte*.

Stripped to its core, Petitioner's Rule 60(b) motion is a collateral attack on a final state court decision dismissing his last state post-conviction application. Essentially, Petitioner seeks to modify the decision of Texas Court of Criminal Appeals dismissing his state habeas application as successive and barring him from filing any further application except under very limited circumstances. His motion is an attempt to bypass the *Rooker-Feldman* doctrine. Petitioner's recourse is to the Texas Court of Criminal Appeals and then by writ of *certiorari* to the United States Supreme Court. "Judicial errors committed in state courts are for correction in the state court systems . . . such errors are no business of ours." *Hale*, 786 F.2d at 691. Therefore, this action should be dismissed for lack of subject matter of jurisdiction.

Insofar as Petitioner seeks to file a federal habeas petition raising the same claims dismissed by the Texas Court of Criminal Appeals, his case should likewise be dismissed on jurisdictional grounds.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b) (West 2007). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district court, a three-judge panel of the Fifth

Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Petitioner filed three previous federal habeas petitions challenging his 1979 conviction for burglary of a habitation in No. 79-05238, for which he is presently incarcerated within TDCJ-CID. The first petition was dismissed for failure to exhaust state remedies. *Holleman v. Scott*, No. 3:05cv1799-T (N.D. Tex. Sep. 8, 1997). The second petition was dismissed as barred by the statute of limitations. *Holleman v. Johnson*, 3:98cv0972-D (N.D. Tex. Apr. 4, 1979). The third petition, also construed from a motion seeking relief from judgment, was transferred to the Fifth Circuit to determine whether Petitioner should be granted leave to file a successive habeas corpus petition. *Holleman v. Dretke*, No. 3:05cv1712-G (N.D. Tex. Feb. 3, 2006). Thereafter, the Fifth Circuit denied authorization to file a successive habeas corpus petition because Petitioner had failed to comply with the court's notice. *In re Holleman*, No. 06-10167 (Apr. 5, 2006).

As of the filing of this recommendation, the Fifth Circuit has not issued an order authorizing this Court to consider a successive habeas petition. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254 in connection with his underlying criminal conviction. Therefore, insofar as Petitioner seeks habeas relief, his petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to

Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that, insofar as Petitioner seeks relief pursuant to Fed. R. Civ. P. 60(b) from a state court order dismissing his state habeas application, this action should DISMISSED for want of jurisdiction under the *Rooker-Feldman* doctrine.  To the extent Petitioner seeks habeas relief, this action should be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

It is further recommended that, in light of the above disposition, Petitioner's motion for an evidentiary hearing, submitted along with his Rule 60(b) motion, should be DENIED as moot.

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 30th day of November, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.